IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| U.S. LUMBER GROUP, LLC, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Case No. _____ |
| | § |
| THE SHED COMPANY, LLC, | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff US Lumber Group, LLC ("US Lumber" or "Plaintiff") complains of Defendant The Shed Company, LLC ("Shed Company" or "Defendant") and respectfully shows this Court the following:

### I. INTRODUCTION

This case is simple: Defendant signed and opened a business line of credit, agreeing to pay in exchange for delivery of lumber by Plaintiff US Lumber. US Lumber complied with its end of the bargain, providing over $100,000 in materials. Despite being over 90 days past due, Defendant has refused to pay its outstanding invoices. Thus, whether it's under an account stated, open account, or unjust enrichment claim, Shed Company owes US Lumber for the outstanding invoices and now, its collection fees and costs.

## II. Parties

1. Plaintiff U.S. Lumber Group, LLC is a Delaware limited liability company with its principal place of business in Duluth, Georgia.

2. Defendant The Shed Company, LLC is a North Carolina limited liability company with its principal place of business in Statesville, North Carolina. Shed Company can be served through its registered agent, James Holden, 506 Island Ford Road, Statesville, North Carolina 28625-8735.

## III. Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity exists between US Lumber[1] (who is a citizen of Delaware and Georgia) and Shed Company (whose only member, James Holden, is, on information and belief, a citizen of North Carolina) and because the amount in controversy exceeds $75,000.

4. This Court has personal jurisdiction over Shed Company. It is a resident of North Carolina through both its place of incorporation and principal place of business and thus, is subject to general personal jurisdiction in North Carolina.

## IV. Statement of Facts

5. US Lumber is engaged in the business of selling building products and materials, including lumber.

---

[1] US Lumber is wholly owned by its one member, Kirby Holdings, LLC. Kirby Holdings, LLC is wholly owned by its one member, Noll Holdings, Inc. which is incorporated in Delaware and its principle place of business is in Duluth, Georgia.

6. US Lumber and Shed Company entered an agreement entitled Business Credit Application on November 11, 2022 (the "Agreement"). The Agreement established the general terms and conditions of their business relationship, including that pay US Lumber for its products "according to the terms specified" and that Shed Company would "pay all collection and legal fees, including but not limited to court costs and attorneys' fees, if suit is brought."

7. The Agreement created an account (the "Account") whereby Shed Company could purchase materials from US Lumber on credit with payment due pursuant to the terms of the invoices issued by US Lumber. US Lumber is, and has always been, the owner and holder of the Agreement and the Account.

8. At the request of Shed Company, on at least three separate occasions, US Lumber delivered materials, including trim, paneling, and siding (the "Materials") to Shed Company. US Lumber submitted invoices to Shed Company for amounts due and owing on the Materials. Shed Company never objected to the price of the Materials or the invoice amounts.

9. Despite its having accepted delivery of the Materials, Shed Company failed to pay for the Materials. The invoices that Shed Company has failed to pay (the "Invoices"), including those outlined in the following chart:

| DATE | INVOICE NUMBER | AMOUNT DUE |
|---|---|---|
| 02/02/2024 | 0051873501-003 | $ 30,558.30 |
| 02/09/2024 | 0051875492-002 | $ 7,192.80 |

| DATE | INVOICE NUMBER | AMOUNT DUE |
|---|---|---|
| 03/22/2024 | 0051893110-002 | $ 36,331.20 |
| 03/11/2024 | 0051887920-002 | $ 27,062.10 |
| **AMOUNT DUE** | | **$ 101,123.98[2]** |

10. Despite demand for payment, Shed Company has failed and refused to pay, and continues to fail and refuse to pay, the amount due. After application of all credits and offsets, the amount of $101,123.98, plus pre-judgment interest, attorneys' fees, and costs is immediately due on the Account pursuant to the Agreement and the Invoices.

11. All conditions precedent to US Lumber's recovery against Shed Company have been fully performed, or have occurred or been waived

## V. Causes of Action

### Count I – Account Stated

12. Each of the foregoing paragraphs is incorporated and reasserted herein by reference.

13. As set forth above, US Lumber sent a statement, via individual invoices and a statement of account, demanding payment on Shed Company's account.

14. The price of the Materials were reasonable, usual, and customary prices for such Materials Shed Company agreed to invoiced prices for materials from US Lumber or, at minimum, assented to the prices and invoices through its failure to object to them.

---

[2] A minor deduction was made to account for a previous overpayment by Shed Company of $20.42.

15. Shed Company received its requested materials but has failed to pay for the Materials. Accordingly, Shed Company is a debtor and US Lumber, its creditor.

16. Despite demand by US Lumber for payment, Shed Company has defaulted in making payment on the Account and continues to fail and refuse to pay the amount due on the Account. The principal amount due to US Lumber on the Account, after all just and lawful offsets, credits, and payments have been allowed, is at least $101,123.98, plus pre-judgment interest, attorneys' fees, and costs as allowed by the Agreement and/or Georgia law.

## Count II (in the alternative) – Open Account

17. Each of the paragraphs under Section IV is incorporated and reasserted herein by reference.

18. As set forth above, Shed Company opened an account with US Lumber through the Agreement.

19. Shed Company then utilized that open account to request, and ultimately received, the Materials.

20. As a result, Shed Company became indebted to US Lumber in the amount of $101,123.98 after the application of all credits and offsets.

21. Despite demand by US Lumber for payment, Shed Company has defaulted in making payment on the Account and continues to fail and refuse to pay the amount due on the Account. Accordingly, US Lumber is entitled to recover $101,123.98

plus pre-judgment interest, attorneys' fees, and costs as allowed by the Agreement and/or Georgia law

### Count III (in the alternative) – Quantum Meruit

22. Each of the paragraphs under Section IV is incorporated and reasserted herein by reference.

23. In the alternative and without waiving the foregoing, US Lumber performed valuable services by delivering the requested materials.

24. Shed Company requested the Materials from US Lumber and also knowingly accepted the Materials.

25. Shed Company received these benefits without compensating US Lumber, and the failure to do so is unjust.

26. US Lumber expected compensation at the time it rendered the services as evidenced by the Agreement and Invoices.

27. Accordingly, in the interest of justice, US Lumber should receive the amount owed, $101,123.98.

### Count IV (in the alternative) – Unjust Enrichment

28. Each of the paragraphs under Section IV is incorporated and reasserted herein by reference.

29. In the alternative and without waiving the foregoing, Shed Company received a benefit in the form of materials from US Lumber without having to pay for them.

30. Shed Company received these benefits without compensating US Lumber despite agreeing to do so and with the expectation of doing so, and the failure to do so is unjust.

31. Accordingly, in the interest of justice, US Lumber should receive the amount owed, $101,123.98.

## VII. Prayer

WHEREFORE, Plaintiff US Lumber Group, LLC prays that the Court enter a judgment for Plaintiff against Defendant The Shed Company, LLC for the following amounts and for the following other remedies:

(1) damages in the principal amount of at least $101,123.98;

(2) pre-judgment interest at the highest rate permitted by law;

(3) post-judgment interest at the highest rate permitted by law;

(4) reasonable and necessary attorneys' fees for collection efforts, pre-trial, trial and any subsequent appeal and petitions for review;

(5) all costs of suit;

(6) That Plaintiff have a trial by jury on all issues as provided for by law; and

(7) all other relief to which Plaintiff may be entitled in law or equity.

DATED this 9th day of September, 2024.

        Respectfully submitted,

        **SIGMON KLEIN BENNINGTON, PLLC**

        /s/ Ben E. Klein
        Ben E. Klein
        N.C. State Bar No. 40993
        114 N. Elm Street, Suite 210
        Greensboro, NC 27401
        Email: ben@sklawnc.com
        Telephone: (336) 663-8773
        Facsimile: (336) 663-8777

        **BELL NUNNALLY & MARTIN LLP**

        Randall K. Lindley
        Texas Bar No. 12367300
        rlindley@bellnunnally.com (pro hac vice forthcoming)
        Nathan Cox
        Texas Bar No. 24105751
        ncox@bellnunnally.com (pro hac vice forthcoming)

        2323 Ross Avenue, Suite 1900
        Dallas, TX 75201
        Telephone: (214) 740-1400
        Facsimile: (214) 740-1499

        **ATTORNEYS FOR PLAINTIFF**
        **US LUMBER GROUP, LLC**