IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00200-KDB-SCR

| U.S. LUMBER GROUP, LLC, | |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| THE SHED COMPANY, LLC, | |
| Defendant. | |

In this action, Plaintiff claims that Defendant purchased lumber for which it has not paid. When Defendant failed to answer or otherwise respond to the Complaint, Plaintiff filed a Motion for Entry of Default, which was entered on November 5, 2024. (Doc. Nos. 6, 7). Now before the Court is Plaintiff's Motion for Default Judgment (Doc. No. 8).

"Entry of default judgment is left to the discretion of the court." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Fed R. Civ. P. 55. Rule 55(b) "authorizes the entry of a default judgment when a Defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). However, before entering a default judgment against a defendant, a court must assure itself that defendant has been properly served. *See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) (vacating a default judgment where service of process was insufficient). "A court does not have personal jurisdiction over a defendant who has not been properly served and therefore has no power to enter a default judgment." *Douglas v. Univ. Place Nursing & Rehab. Ctr.*, No. 317CV00303FDWDCK, 2019 WL 1246205, at *1 (W.D.N.C. Mar. 18, 2019).

1

Having carefully reviewed the record, the Court finds that it cannot determine if Plaintiff has properly completed service. Under the Federal Rules of Civil Procedure, service of process cannot be addressed to a business entity and must be delivered "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h). In addition to the above method of service, the Federal Rules also allow for service of a corporation based on North Carolina State Law. *See* Fed. R. Civ. P. 4(h)(1)(A) (referencing Rule 4(e)(1) as an appropriate method of service). North Carolina law similarly states that if a business entity is served in person, a copy of the summons and complaint must be left with "an officer, director, or managing agent of the corporation, or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office." N.C. R. Civ. P. 4(j)(6).

Here, Plaintiff's summons designated the defendant to be served as:

> James Holden, Registered Agent
> 506 Island Ford Rd.
> Statesville, NC 28625

The Proof of Service, however, only shows that service was made to:

> The Shed Company LLC
> 471 Island Ford Road

Thus, it is not clear whether service of the Summons and Complaint was effectuated on an officer, director, or managing agent (and the fact that service was made at an address other than what was listed on the summons raises further questions). Accordingly, the Court will deny the Motion for Default Judgment without prejudice. In the event that Plaintiff has properly served Defendant then it may refile its motion with proof of that service. If Plaintiff does not have proof of proper service then it must, of course, effect service before its claims can proceed.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Plaintiff's Motion for Default Judgment (Doc. No. 8) is **DENIED** without prejudice**.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 3, 2025

Kenneth D. Bell
United States District Judge